### GUSTAVE A. RINGHAND v. EDWARD F. GRANNAN.

1. POLICEMAN, IN MAKING AN ARREST, MAY USE FORCE TO REPEL INTERFERENCE OF THIRD PERSON.

A policeman is a peace officer and is justified in arresting, without a warrant, one found violating a valid ordinance of a city, and in so doing he may use such force as is necessary in making the arrest to defend himself from the attack of a third person, without notifying him of the cause of the arrest.

### Hamilton County.

**2. It is a Question for a Jury whether Force used by Policeman Amounts to an Assault and Battery.**

> Whether the force used by a policeman, while making an arrest in repelling the interference of a third person, amounts to an assault and battery is a question for the jury.

Error to superior court of Cincinnati.

**Cogan & Williams,** for plaintiff in error.

**T. L. Michie** and **A. C. Fricke,** for defendant in error.

## SMITH, J.

This was an action for damages for assault and battery, instituted in the superior court of Cincinnati by Grannan, defendant in error, against Ringhand, plaintiff in error, a policeman of the city of Cincinnati.

Ringhand pleaded justification of his conduct on the ground that Grannan interfered with him in the discharge of his duties while he was attempting to arrest third parties who were disorderly; and sets up in his answer that if he laid hands upon the plaintiff, he used no more force than was necessary to prevent such interference.

The trial of the case resulted in a verdict and judgment of $300 in favor of the plaintiff. Error has been prosecuted to this court to set the judgment aside.

An examination of the evidence satisfies the court that the verdict and judgment are fully sustained thereby. The jury found upon the facts for the plaintiff, and unless there is other prejudicial error in the record the judgment must be affirmed.

In this regard the court is of the opinion that the law was correctly stated to the jury by the trial court, both in the general and special charges; the burden throughout being to the effect that the defendant as a peace officer was justified in arresting one without a warrant, found violating a valid ordinance of the city, and that the officer might use such force as was necessary to make the arrest in order to defend himself from the attack of the offender, and this he might do without notifying him of the cause of the arrest.

This left it for the jury to determine the one fact in the case as to whether or not there was an assault and battery as claimed, and the jury found in favor of plaintiff.

We do not think the verdict is excessive, and finding no errors in the record the judgment is affirmed.

**Giffen** and **Swing, JJ.,** concur.